UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**DEBRADRE D. JACKSON,**
                     Plaintiff,

v.                                             **Case No. 16-cv-1394-pp**

**SGT. DIX, and**
**UNIT MANAGER WIEGAND**

                     Defendants.

---

**DECISION AND ORDER GRANTING THE PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 4) AND SCREENING THE COMPLAINT (DKT. NO. 1)**

---

The plaintiff, a Wisconsin state prisoner who is representing himself, filed a civil rights complaint under 42 U.S.C. §1983 alleging that the defendants violated his First Amendment rights at the Racine Correctional Institution. Dkt. No. 1. This order resolves the plaintiff's motion for leave to proceed without prepayment of the filing fee and screens the plaintiff's complaint.

### I.    MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

The Prison Litigation Reform Act applies to this action because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. The law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without pre-paying the civil case-filing fee, as long as he meets certain conditions. Id. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the

1

balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On October 31, 2016, the court assessed an initial partial filing fee of $1.43. Dkt. No. 6. The plaintiff made payment in the amount of $2.00 on November 9, 2016. Therefore, the court will grant the plaintiff's motion for leave to proceed without prepayment of the filling fee and will allow the plaintiff to pay the balance of the $350.00 filing fee over time from his prisoner account, as described at the end of this order.

## II. SCREENING OF PLAINTIFF'S AMENDED COMPLAINT

### A. Standard for Screening Complaints

The Prison Litigation Reform Act requires federal courts to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court may dismiss an action or portion thereof if the claims alleged are "frivolous or malicious," fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

To state a claim under the federal notice pleading system, the plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint need not plead specific facts, and need only provide "fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). "Labels and

2

conclusions" or a "formulaic recitation of the elements of a cause of action" will not do. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

The factual content of the complaint must allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. allegations must "raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. Factual allegations, when accepted as true, must state a claim that is "plausible on its face." Iqbal, 556 U.S. at 678.

Federal courts follow the two-step analysis set forth in Twombly to determine whether a complaint states a claim. Id. at 679. First, the court determines whether the plaintiff's legal conclusions are supported by factual allegations. Id. Legal conclusions not supported by facts "are not entitled to the assumption of truth." Id. Second, the court determines whether the well-pleaded factual allegations "plausibly give rise to an entitlement to relief." Id. The court gives *pro se* allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)). Liability under §1983 is predicated on a defendant's personal

3

involvement in the constitutional deprivation. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). "An official satisfies the personal [involvement] . . . if the conduct causing the constitutional deprivation occurs at [his] direction or with [his] knowledge and consent." Id. (quoting Crowder v. Lash, 687 F.2d 996, 1005 (7th Cir. 1982)). He "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." Id. (quoting Jones v. City of Chicago, 856 F.2d 985, 992 (7th Cir. 1988)).

B.     Facts Alleged in the Complaint

The plaintiff alleges that on September 27, 2016, he saw Sergeant Dix expressing racial bias towards an African American inmate (inmate Johnson) in the courtyard at the Racine Correctional Institution. Dkt. No. 1 at 3-4. The plaintiff alleges that Dix directed Johnson to go inside the building because he was "a little outside the white line for the courtyard." Id. at 3. In contrast, Dix directed a white inmate, who also was outside the white line, to "just get inside the white line," without directing the white inmate to go inside. Id. at 3-4.

The plaintiff says that inmate Johnson asked Dix why she was treating him differently from the white inmate. Id. at 4. Dix "began to be confrontational," and the plaintiff intervened, telling Dix that she had to be "equal," and that he and Johnson could "write her up for that." Id. Dix then directed the plaintiff to go inside and "lock in [his] room," which the plaintiff did. Id.

On the way back to his room, the plaintiff picked up an inmate grievance form. Id. Shortly thereafter, Dix issued Conduct Report #2906095 against the

4

plaintiff for disrespect and disruptive conduct relating to the plaintiff's comment that Dix had to be "equal." Id. The plaintiff indicates that he responded to the conduct report by telling Unit Manager Wiegand that the conduct report constituted retaliation against the plaintiff for exercising his First Amendment rights. Id. He indicates that his statement "was ignored," and that he was disciplined by being placed in building confinement for ten days. Id. He alleges that Unit Manager Wiegand failed to intervene on his behalf. Id.

The plaintiff alleges that as a result of the conduct report, the plaintiff was unable to file his own grievance, because "if an inmate file[s] a grievance about the same issue he gets a conduct report for, the grievance gets dismissed." Id. at 3.

For relief, the plaintiff seeks injunctive and monetary relief. Id. at 5.

C. Legal Analysis of Alleged Facts

To state a claim for retaliation, the plaintiff must allege that he: (1) engaged in activity protected by the First Amendment; (2) suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. Bridges v. Gilbert, 557 F.3d 541, 553 (7th Cir. 2009).

In the prison context, the First Amendment right to petition the government for redress of grievances includes the right to pursue "administrative remedies that must be exhausted before a prisoner can seek relief in court." DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 2000). Prisoners

5

are entitled to utilize available grievance procedures without the threat of recrimination. Hoskins v. Lenear, 395 F.3d 372, 375 (7th Cir. 2005). The First Amendment also protects an inmate's right to lodge oral complaints against an officer without the threat of recrimination, as long as the oral complaint relates to a matter of "public concern" that "urge[s] a change of any prison policy." Pearson v. Welborn, 471 F.3d 732, 740 (7th Cir. 2006)(quoting Brookins v. Kolb, 990 F.2d 308, 313 (7th Cir. 1993) (7th Cir. 1993)). Matters of "personal concern," including "personal gripes about unimportant matters" and the many "inconveniences of prison life," do not violate the First Amendment. Id. at 741-42; Lindell v. O'Donnell, No. 05-C-04-C, 2005 WL 2740999 at *26-27 (W.D. Wis. Oct. 21, 2005).

As discussed above, the plaintiff verbally complained to Dix about her unequal treatment of African American inmates, and as he returned to his cell at Dix's direction, he picked up an inmate grievance form. Dix then filed Conduct Report #2906095 against the plaintiff; he indicates that she reported him for disrespect and disruptive conduct relating to his comment that Dix had to be "equal" in her treatment of inmates. The plaintiff alleges that because Dix filed the conduct report about the incident, the plaintiff could not file his inmate grievance because of what appears to be a prison policy prohibiting grievances on the incidents that form the subject of a conduct report.

It is not clear whether the plaintiff is alleging that Dix filed a conduct report against him because he exercised his right to complain about what he believed was racial bias, or because she figured out that he planned to petition

6

the government for redress of grievances—in other words, to file an inmate grievance. He does not explain whether Dix knew that the plaintiff had picked up a grievance form and planned to file it against her.

Either way, the complaint alleges that shortly after the plaintiff picked up a grievance form, Dix gave him a conduct report that resulted in ten days' punishment. The timing of the events allows the court to infer that Dix may have been motivated by retaliatory animus in issuing the conduct report. At this early stage, the court will allow the plaintiff to proceed with his First Amendment retaliation claim against Dix.

The plaintiff also states that he notified Wiegand that Dix had retaliated against him by filing a conduct report, and that Wiegand ignored the allegation and did nothing to investigate. He alleges that instead, Wiegand found the plaintiff guilty of disrespect and disruptive conduct and sentenced him to ten days building confinement. The court will allow plaintiff to proceed with a claim that Wiegand failed to intervene to stop the retaliation.

## III. CONCLUSION

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 4. The court **ORDERS** the Secretary of the Wisconsin Department of Corrections or his designee to collect from the plaintiff's prison trust account the $**348.00** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each

7

time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The Secretary shall clearly identify the payments by the case name and number.

The court **ORDERS** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, the court will send copies of the plaintiff's complaint and this order electronically to the Wisconsin Department of Justice for service on Sgt. Dix and Unit Manager Wiegand.

The court **ORDERS** that, pursuant to the informal service agreement between the Wisconsin department of Justice and this court, Sgt. Dix and Unit Manager Wiegand shall file a responsive pleading to the complaint within sixty days of receiving electronic notice of this order.

The court will send copies of this order to the warden of the Racine Correctional Institution where the plaintiff is confined.

The court **ORDERS** the plaintiff to submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter. Because each filing will be electronically scanned and entered on the docket upon receipt by the clerk, the plaintiff need not mail copies to the defendants. All defendants will

be served electronically through the court's electronic case filing system. The plaintiff should retain a personal copy of each document filed with the court.

The court advises the plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated in Milwaukee, Wisconsin this 9th day of January, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge